CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 3 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 7:10CR00003 |
| vs. | MEMORANDUM OPINION |
| KENNETH JOE KENNEDY, | By: James C. Turk |
| | Senior United States District Judge |
| Defendant. | |

Kenneth Joe Kennedy, a federal inmate proceeding pro se, filed a motion that defendant styled as a "Rule 33 & Rule 60(b) Motion." By order entered November 23, 2011, the court notified Kennedy of the court's intention to construe and address his submission as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, unless Kennedy expressly objected within ten (10) days to that construction of the motion. See Castro v. United States, 540 U.S. 375, 383 (2003) (requiring court to give defendant opportunity to elect whether criminal motion be addressed as an initial § 2255 motion). Kennedy has responded to the court's order, indicating his belief that he is entitled to relief from his criminal judgment under Rule 60(b) of the Federal Rules of Civil Procedure and stating his express objection to construction of his motion as a § 2255 action. Based on defendant's response, court will order that the § 2255 action be dismissed without prejudice.

The court also finds that Kennedy's motion must be denied under the authority upon which he relies, namely Rule 33 and Rule 60(b). Under Rule 33 of the Federal Rules of Criminal Procedure, the court may grant a defendant's motion for new trial upon finding that "the interest of justice so requires." Rule 33(a). Unless the defendant presents newly discovered evidence, however, a Rule 33 motion for new trial must be filed within 14 days after the finding of guilt.

Kennedy pleaded guilty on July 27, 2010, to one count of conspiracy to distribute more than 500 grams of methamphetamine, and the court entered judgment against him on October 22, 2010, sentencing him to 87 months imprisonment. Because Kennedy did not file his motion within 14 days after he was found guilty, his motion for new trial is untimely under Rule 33 unless he presents newly discovered evidence.

Kennedy's motion asserts that this court did not have jurisdiction over his offense, as he should have been tried in a Virginia court on a charge that he had violated Virginia state drug laws. He also asserts that 21 U.S.C. § 851 is unconstitutional and that his trial counsel provided ineffective assistance in failing to challenge the drug weight used against Kennedy for sentencing purposes. Kennedy does not point to any specific item of newly discovered evidence necessary to his claims for a new trial under Rule 33. Therefore, his motion is untimely and must be denied.

Kennedy also argues that he is entitled to a new trial under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) is, by definition, a rule of civil procedure. Such rules, designed to govern litigation of civil actions, do not and cannot provide authority for attacking or overturning a criminal judgment. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that Federal Rules of Civil Procedure do not provide vehicle to challenge criminal judgment). Whatever title Kennedy attaches to his current motion, it is clear that his intention is to obtain relief from the criminal judgment against him. As Rule 60 is a civil rule that provides no authority for the remedy Kennedy seeks, the court will deny his motion under Rule 60(d). An appropriate order will issue this day.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying final order to the defendant.

ENTER: This 3rd day of January, 2012.

/s/ James C. Turk
Senior United States District Judge